Dear Mr. McMurry:
Reference is made to your correspondence requesting reconsideration of Opinion No. 97-142, which was released by this office in May of 1997. Opinion No. 97-142 addressed three separate questions, however, you have asked that this office reconsider only one of those issues.
Specifically, you have asked that we reconsider our determination that a police jury cannot legally pay a portion of a police juror's medical insurance premium, in addition to monthly salary, if the combined salary and premium payment amount exceeds the compensation permitted under La. R.S. 33:1233. As your letter notes, Opinion No. 97-142 determined that insurance premium payments made by a parish for members of the police jury should be considered compensation, for purposes of determining the maximum compensation payable to police jurors in accordance with R.S. 33:1233.
The provisions of La. R.S. 33:1233 which are pertinent to your request are found in subsection A of that statute and provides as follows:
 "(2) (a) Members of the police juries are authorized to receive compensation not to exceed fifty dollars per day
and the same mileage allowance as provided to state elected officials going to and from the courthouses in their respective parishes for every day they are actually employed in the service of the parish and for travel outside of the parish on parish business. Mileage shall be charged for each day of attendance at each session of the police jury to be paid out of funds of the several parishes on the warrant of the president, provided however, that if a juror has use of a parish owned vehicle for the conduct of official business, the mileage compensation shall not be paid.
 (b) (i) Police jurors shall not be paid for more than one hundred forty-four days in any one year.
 (ii) No police juror shall be compensated for more than twelve meetings per month, or in lieu of such per diem, the police jury may elect, by a vote of a majority of the elected members, to go on a salary basis, in which event the maximum salary allowable shall be one thousand two hundred dollars per month for each member of the police jury." (Emphasis added).
It is our opinion that the above-quoted provisions provide two alternative methods of compensating police juries for their services.
Pursuant to the first method, police jurors can receive maximumcompensation not to exceed fifty dollars per day, for no more than twelve meetings per month and for no more than a maximum of one hundred forty-four days in any one year. In our opinion, this method of compensation clearly limits the total amount of compensation (including both cash and non-cash compensation) that a police juror may receive. As such, it is our opinion that a police juror who is compensated on a per diem basis cannot receive paid or partially paid health insurance premiums if the value of the paid portion of the premiums, when combined with the per diem rate received, would cause the his or her compensation to exceed the maximum amount.
Pursuant to the second method, police jurors may be compensated on a salary basis, and can receive a maximum salary of one thousand two hundred dollars per month. Although this method clearly limits the amount of salary (i.e., cash compensation) police jurors may receive, the statute does not indicate that the compensation of a juror compensated on a salary basis must be limited to salary, nor does the statute indicate a maximum amount of total compensation (i.e., salary and non-cash compensation) a juror compensated on a salary basis may receive.
It is the opinion of this office that Police Jurors who are compensated on a salary basis, as opposed to a per diem basis, may receive paid or partially paid medical insurance premiums in addition to their salary. Attorney General's Opinion No. 97-142 is modified to conform herewith. Additionally, Opinions No. 98-85 and No. 91-54, to the extent they conflict herewith, are hereby recalled.
We trust the foregoing to be of assistance. Should this office be of assistance in other areas of the law, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
DATE RECEIVED: FEB. 17, 1999
DATE RELEASED:
JEANNE-MARIE ZERINGUE BARHAM ASSISTANT ATTORNEY GENERAL
OPINION NUMBER 98-49
March 17, 1998
La. Const. Art. XI, Sec. 4
LSA-R.S. 18:1465 (A)
Police Jury is not prohibited from using public funds to disseminate purely factual, unbiased information about governmental projects and programs in an annual newsletter to the citizens of the Parish.
Mr. Kelvin G. Sanders Assistant District Attorney P.O. Drawer 1472 Alexandria, Louisiana 71309